1
2
3
4                    UNITED STATES DISTRICT COURT
5
6                           DISTRICT OF NEVADA
7
8   KAMAL P. LALWANI, et al.,              2:11-CV-728 JCM (RJJ)
9          Plaintiffs,
10  v.
11  WELLS FARGO BANK N.A., et al.,
12
13         Defendants.
14
15                                 **ORDER**

16    Presently before the court is defendants Wells Fargo Bank, N.A., Wells Fargo Home

17  Mortgage, Inc., Wells Fargo Asset Sec. Corp., HSBC Bank USA, N.A., MERSCORP, Inc., and

18  Mortgage Electronic Registration System, Inc.'s motion to dismiss duplicative complaint. (Doc. #9).

19  Plaintiffs Kamal and Sanchi Lalwani failed to file a response to this motion. On June 13, 2011, the

20  above-named defendants filed a notice of non-opposition to the motion. (Doc. #16). Defendant

21  National Default Servicing Corp. filed a joinder to the motion on August 5, 2011. (Doc. #19).

22    Defendants assert that the complaint at issue in this case is substantially duplicative of the

23  complaint in *Lalwani et. al. v. Nevada Association Services, Inc. et. al.*, case number 2:11-cv-00084,

24  which is currently pending before Judge Dawson. (Doc. #9). Defendants note that the case pending

25  before Judge Dawson was removed to federal court prior to the filing of the instant action.

26  Defendants further argue that the proceedings before Judge Dawson are at a more developed stage

27  because there are dispositive motions pending.

28

**James C. Mahan**
**U.S. District Judge**

Specifically, defendants assert that the two cases: (1) involve the same parties, (2) concern the same property located at 2020 Barhill Avenue, North Las Vegas, Nevada, 89084, (3) allege substantially similar claims, and (4) arise from the same transactional nucleus of facts. (Doc. #9).

**Legal Standard**

District courts have "broad discretion to control their dockets" and may dismiss actions where appropriate "[i]n the exercise of that power." *Adams v. California Dep't. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* (internal citations omitted).

The Ninth Circuit utilizes the claim preclusion test to determine whether a suit is duplicative. *Id.* The court first examines the causes of action asserted in the two suits using the transaction test. *Id.* In applying the transaction test, the court looks to four criteria: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of fact. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Second, the court examines whether the parties to the two suits are the same or in privity. *Adams*, 487 F.3d at 689.

Additionally, pursuant to Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court will not automatically grant every unopposed motion. In *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), the Ninth Circuit held that the court had to weigh the following factors before dismissing the action: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1. **Same Causes of Action**

To determine whether cases are duplicative, the court first looks at the causes of action in the two cases. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

The motion to dismiss duplicative complaint asserts that all four of the claim preclusion factors weigh in favor of dismissing the instant case. (Doc. #9; *see also*, *Costantini*, 681 F.2d at 1201). Specifically, defendants allege that "the [f]irst [a]ction and the [s]econd [a]ction both share the same transactional nucleus of facts. (Doc. #9). Both actions contain allegations of wrongful foreclosure, misrepresentation, and conspiracy arising from the defendants' foreclosure of the 2020 Barhill Avenue property.

Plaintiffs have not responded to these allegations. Therefore, pursuant to local rule 7-2(d), the court accepts defendants' allegations as true for the purposes of the instant motion. All of the claims asserted in the case currently before the court could have been brought in the case before Judge Dawson.

2. **Same Parties**

In the second part of the claim preclusion test, the court looks to determine whether the parties to the two suits are the same or in privity. *Adams*, 487 F.3d at 689. The instant case implicates the same parties as the case before Judge Dawson. The only difference between the two cases is that Nevada Association Services, Inc. and Aliante Master Association are not defendants in the case presently before this court. Therefore, there is no danger that dismissing this complaint will unfairly deprive any plaintiff or defendant of access to the court for the adjudication of the claims arising from this transactional nucleus of fact.

3. **Claim Preclusion**

Defendants have established that the complaint at issue is duplicative of the complaint presently before Judge Dawson. The court has broad discretion to control its docket. *Adams*, 487 F.3d at 688. Dismissing the duplicative complaint is an appropriate exercise of this discretionary

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  power. *See id.*

2  **4.      Nevada Local Rule 7-2(d)**

3  Additionally, the court notes that plaintiffs did not respond to defendants' motion to dismiss
the duplicative complaint. Therefore, plaintiffs are presumed to have consented to the granting of
the motion. *See* Local Rule 7-2(d). The court further finds that the *Ghazali* factors weigh in favor
of dismissing the instant action. *See Ghazali* 46 F.3d at 53

First, the related case before Judge Dawson was removed to federal court in January 2011,
and there are pending dispositive motions before that court. The instant action was removed to
federal court five months later, and the case is not as fully developed. Therefore, the public interest
in expeditious resolution of litigation factor weighs in favor of dismissing this action. *See Ghazali*
46 F.3d at 53.

Second, as addressed above, all of the causes of action asserted in this case could have been
asserted in the case before Judge Dawson. The case currently pending before this court is duplicative
and unnecessarily burdens the court's docket. The second *Ghazali* factor also weighs in favor of
dismissing this action. *See Ghazali* 46 F.3d at 53.

Finally, forcing the same defendants to defend themselves in two distinct cases involving the
same transactional nucleus of fact poses a substantial risk of prejudice to the defendants. Therefore,
the third *Ghazali* factor also weighs in favor of dismissing the case. *See Ghazali* 46 F.3d at 53.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
dismiss duplicative complaint (doc. #9) be, and the same hereby is, GRANTED.

DATED September 26, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -